**UNITED STATES, Appellee,**

v.

**David LEARNER, Defendant–Appellant.**

No. 01–1131.

United States Court of Appeals, Second Circuit.

Sept. 25, 2001.

Michael G. Considine, Day, Berry & Howard LLP, Stamford, CT, for appellant.

Jeffrey A. Meyer, Assistant United States Attorney; James I. Glasser, Assistant United States Attorney, John A. Danaher III, United States Attorney, of counsel, Office of the United States Attorney for the District of Connecticut, for appellee.

Present THOMAS J. MESKILL and JOSÉ A. CABRANES, Circuit Judges, DENNY CHIN, District Judge.*

### SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court be and it hereby is AFFIRMED.

David Learner appeals from a judgment of conviction of the United States District Court for the District of Connecticut entered on February 20, 2001, after Learner pleaded guilty to one count of embezzlement from an employee pension plan in violation of 18 U.S.C. § 664. Learner claims on appeal that the District Court (1) abused its discretion when it upwardly adjusted Learner's sentence upon finding that his actions involved "more than minimal planning," pursuant to U.S.S.G. § 2B1.1(b)(4)(A); and (2) erred when it decided not to depart downward after Learner asserted at sentencing that he would pay restitution.

▮▮▮ Learner's claims are without merit. A district court's application of the guidelines to the facts is reviewed for an abuse of discretion. *United States v. Kim*, 193 F.3d 567, 575 (2d Cir.1999). The District Court did not abuse its discretion

when it concluded that the offense involved "more than minimal planning." An upward departure for "more than minimal planning" can be found in situations in which the same offense conduct was done repeatedly over time "unless it is clear that each instance was purely opportune." *See United States v. Barrett*, 178 F.3d 643, 649 (2d Cir.1999). In the instant case, the District Court found the criminal conduct to have occurred over a course of years and that the conduct was not simply opportunistic. Although the crime may be described as not particularly complex, the scheme involved "detailed and deliberate action" in committing the offense and in covering aspects of it up, which sufficiently reflects more than minimal planning. *United States v. Walsh*, 119 F.3d 115, 120 (2d Cir.1997).

The District Court's refusal to grant a downward departure is not appealable because Learner has not shown that the District Court committed an error of law or misapprehended its power to depart. *See United States v. Acevedo*, 229 F.3d 350, 356 (2d Cir.), *cert. denied*, 531 U.S. 1027, 121 S.Ct. 602, 148 L.Ed.2d 514 (2000). The District Court considered all the arguments made by the defendant before deciding to reject them. The District Court did not commit any error.

For the reasons stated above, the judgment of the District Court is AFFIRMED.